UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEPH L. BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.3:17-cv-00264 |
| | § | |
| JOHN F. KELLY, SECRETARY, | § | |
| U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY, | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

NOW COMES, Joseph L. Burns, ("Plaintiff" or "Burns") in the above entitled and numbered cause, and files this Plaintiff's Original Complaint and Demand for Jury Trial, complaining of John F. Kelly, Secretary, U.S. Department of Homeland Security (hereinafter referred to as "Defendant", "the Agency" or "U.S. Border Patrol"), and in support thereof respectfully shows the Court the following:

I.

PARTIES, JURISDICTION AND VENUE

1.      The Court has federal question jurisdiction pursuant to 28 U.S.C. §1332 due to this is a civil action arising under federal law, and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

2. Plaintiff is a citizen of the United States and a resident of El Paso County, Texas. Plaintiff has been subjected to unlawful employment practices committed within El Paso County, Texas. Defendant U.S. Customs & Border Protection is a federal agency who operates in El Paso County and therefore, venue is proper in El Paso County, Texas per 28 U.S.C. §1391(c).

3. Defendant, John F. Kelly, Secretary, U.S. Department of Homeland Security ("Defendant", "the Agency" or "U.S. Customs & Border Protection"), at all relevant times, Defendant has continuously been a Federal Agency of the United States. Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Stephanie Rico, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216-5597; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Secretary John F. Kelly, Department of Homeland Security, Washington, D.C. 20528.

## II.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff filed a formal complaint of discrimination. Such filing was within at least 45 days of the last act of which he complained. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, pursuant to Title VII of the 1964 Civil Rights Act (Title VII), the Americans with Disabilities Act as amended (ADAAA) and the Rehabilitation Act, as amended, 29 U.S.C. 791, *et seq.*

5.  On August 30, 2016, Complainant initiated contact with the Equal Employment Opportunity (EEO) Counselor.

On September 22, 2016, CBP notified Complainant of the conclusion of EEO counseling and of Complainant's right to file a formal complaint.

On September 30, 2016, Complainant filed the formal complaint at issue.

On March 27, 2017 CBP forwarded Complainant a copy of the Investigative file, providing Complainant with notice of Complainant's right to request a hearing before an EEOC Administrative Judge or, alternatively, to receive a Final Agency Decision (FAD).

On March 31, 2017 Complainant filed a request for a FAD.

On April 4, 2017, CRCL received CBP's request for a FAD.

## III.

## FACTUAL BACKGROUND

6.  This is a discrimination and retaliation case filed by Burns. Burns was harassed and required to provide medical documentation based on a disability while other Telecommunications Specialists or other similarly situated employees are not required to provide medical documentation.

7.  Burns is a Telecommunications Specialist 0391, GS-12 Step 4. He mainly works on sensors and sensor repeaters in addition to assisting other technicians with radios, RVSS, and MVSS Systems. Plaintiff has held this position since August 2012 and has not had any safety incidents while climbing. He was hired with the medical conditions which he disclosed upon hire. He has had previous supervisors who never felt the need to request medical documentation even though his disability was present at said time and remained essentially the same. Plaintiff has never requested

any reasonable accommodations. But he was removed from his regular position.

8. On April 6, 2016 Complainant was issued a letter requesting admiratively acceptable medical documentation in order to evaluate his ability to climb, a duty of his position. Burns explained his medical condition remained the same.

On or about April 26, 2016, Burns provided a letter from his doctor restating that he could climb unless he was taking medications at the time. And he was not.

9. On August 22, 2016 Complainant was issued a letter stating that the medical information he provided was not sufficient and was requested he provide additional medical information. On or about August 23, 2016 Plaintiff sent a letter to his supervisor, area manager and regional director asking multiple questions in regards to the letter but never received a response.

10. On September 14, 2016 Complainant was issued a letter rescinding the August 22, 2016 letter, and directing him not to climb towers when he has taken prescribed medication.

### IV.

### CLAIMS

**A. Disability Discrimination, Hostile Work Environment and Retaliation**

11. Burns incorporates by reference all of the allegations set forth in paragraphs 1 through 10 above.

12. Burns will show that U.S. Customs and Border Protection aforementioned conduct violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2(a), *et seq.,* Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111 *et seq.* ["ADA"] as amended by the ADA Amendments Act ("ADAAA") Public Law 110-325, and the Rehabilitation Act of 1973, as amended, Sections 501, et seq. U.S. Customs & Border Protection by harassing and requiring Burns

to provide medical documentation based on a disability while other 0391 Telecommunications Specialist are not required to provide medical documentation. Burns was also removed from his duties which affected his compensation and benefits.

13. As a direct and proximate result of U.S. Customs and Border Protection conduct as set forth herein, Burns has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.

**B.  Attorneys' Fees and Costs**

14. Burns incorporates by reference all of the allegations set forth in paragraphs 1 through 13 above.

15. Burns seeks recovery of his reasonable and necessary attorneys' fees and all costs of court incurred herein.

**V.**

**CONDITIONS PRECEDENT**

16. Burns incorporates by reference all of the allegations set forth in paragraphs 1 through 13 above.

17. Burns would show that all conditions precedent to his lawful recovery herein have been performed or occurred.

**VI.**

**REVIEW REQUESTED**

18. Plaintiff seeks de novo review of his claims and not enforcement of the CRCL's final order. When a federal agency issues a notice of final action to a federal employee alleging

employment discrimination, the claimant may seek de novo review of the disposition of his administrative complaint by filing a civil action in district court within 90 days. 42 U.S.C.S. § 2000e-16(c). Although the claimant also has the option of appealing the final action to the Equal Employment Opportunity Commission before filing a civil action, 29 C.F.R. § 1614.401(a), that is not required. *Farrell v. Principi*, 366 F.3d 1066, 1066 (9th Cir. 2004). Compliance with the administrative procedures set forth in 29 C.F.R. § 1614.504 is not required when the claimant seeks review of the disposition of his administrative complaint, rather than enforcement of a final action. 29 C.F.R. § 1614.504(a); *See also Farrell*, 366 F.3d at 1066.

## JURY DEMAND

19. Burns requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear herein, and that upon final hearing he be provided the following relief:

(i) Front pay and back pay within the jurisdictional limits of the Court;
(ii) Compensatory damages;
(iii) Pre-judgment and post-judgment interest at the highest rates allowed by law;
(iv) All reasonable and necessary attorneys' fees incurred as specified herein;
(v) All costs of court;
(vi) Seeks de novo review of his claim; and
(vii) Such other and further relief, at law or in equity, to which Burns would show he is justly entitled.

        Respectfully submitted,

        **MARTINEZ & MARTINEZ LAW FIRM, PLLC**
        *Attorneys for Plaintiff*
        730 E. Yandell Dr.
        El Paso, Texas 79902
        (915) 541-1000
        (915) 541-1002 (Facsimile)

By:    */s/ Raymond D. Martinez*
        **RAYMOND D. MARTINEZ**
        State Bar No. 24002537
        raymond@martinezlawyers.com
        **JONATHAN L.R. BAEZA**
        State Bar No. 24092066
        jonathan@martinezlawyers.com

        **ATTORNEYS FOR PLAINTIFF**