IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

**FILED**

FEB 0 7 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| **JOSEPH L. BURNS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KIRSTJEN NIELSEN,** | § | **EP-17-CV-00264-DCG** |
| **Secretary, U.S. Department** | § | |
| **of Homeland Security,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## THE COURT'S INSTRUCTIONS TO THE JURY

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

You have heard the evidence in this case. I will now instruct
you on the law that you must apply. It is your duty to follow the
law as I give it to you. On the other hand, you the jury are the
judges of the facts. Do not consider any statement that I have
made in the course of trial or make in these instructions as an
indication that I have any opinion about the facts of this case. If I
have given you the impression during the trial that I have an
opinion about the facts of this case, you must disregard that
impression. You are the sole judges of the facts of this case. Other

than my instructions to you on the law throughout the course of the trial, you should disregard anything I may have said or done during the trial in arriving at your verdict.

After I instruct you on the law, the attorneys will have the opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you, the jury, in understanding the evidence and the parties' contentions.

Answer each question based on the facts as you find them. Do not decide who you think should win and then answer accordingly. Your answers and your verdict must be unanimous.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Plaintiff Joseph L. Burns has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more

likely so than not so.  If you find that Plaintiff Burns has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those

facts.  You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## DEMONSTRATIVE EVIDENCE

While examining witnesses at trial, Plaintiff Joseph Burns' counsel wrote certain notes and statements on an electronic whiteboard that were displayed on the monitors in the courtroom. Those notes and statements were used by Plaintiff Burns' counsel to describe something involved in this trial; they were illustrations. If your recollection of the evidence differs from those notes and statements, rely on your recollection.

## WITNESS NOT CALLED

Barbara Jean Molinar and Joe Ray Nunez were available to both sides.  Neither Plaintiff Joseph L. Burns nor Defendant Kirstjen Nielsen can complain that Barbara Jean Molinar or Joe Ray Nunez was not called to testify, because either Plaintiff or Defendant could have called Barbara Jean Molinar and Joe Ray Nunez.

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the

witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the

contrary, if after considering all of the other evidence, you believe that witness.

## DEPOSITION TESTIMONY

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you today. This deposition testimony is entitled to the same consideration, is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the

witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## PROPER DEFENDANT

Plaintiff Joseph L. Burns and his supervisor Marcus Yrrobali are employed by U.S. Customs and Border Protection, which is an agency under the U.S. Department of Homeland Security. Throughout these instructions, the Customs and Border Protection agency is referred to as the "Agency."

Under law, the head of the Department of Homeland Security is the proper defendant to be sued in a case of alleged employment discrimination by any of the Department's agencies, or their supervisors and other decisionmakers. Today, Chad F. Wolf is the Acting Secretary of Department of Homeland Security; however, at

the time this lawsuit was initially brought, Kirstjen Nielsen was the Secretary of the Department of Homeland Security.  Throughout these instructions, Kirstjen Nielsen is referred to as Defendant.

## BIAS—GOVERNMENTAL AGENCY PARTY INVOLVED

Do not let bias, prejudice, or sympathy play any part in your deliberations.  A federal agency, such as the Department of Homeland Security or United States Customs and Border Protection, and all other persons are equal before the law and must be treated as equals in a court of justice.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## DEFINITIONS OF CERTAIN LEGAL TERMS USED ELSEWHERE UNDER THE CLAIM SECTIONS

**Disability.** A disability is an impairment that substantially limits one or more major life activities.

**Impairment.** An impairment means any physiological disorder or condition affecting one or more body systems, such as neurological, musculoskeletal, and special sense organs.

**Major Life Activities.** Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

### PLAINTIFF'S CLAIM 1 – DISCRIMINATION BASED ON DISABILITY

Plaintiff Joseph Burns claims that Defendant Kirstjen Nielsen discriminated against him because he had a disability by removing him from tower climbing duties.  Defendant Kirstjen Nielsen denies Plaintiff Joseph Burns' claims and contends that the Agency asked for medical documentation from Plaintiff Burns to assess whether Plaintiff Burns could perform an essential job function and to determine whether Plaintiff Burns posed a direct threat to the safety of himself or others, and pending the receipt of the medical documentation, the Agency removed Plaintiff Burns from tower climbing duties.

Under Section 501 of the Rehabilitation Act, it is unlawful for a federal-agency employer to discriminate against an employee because of the employee's disability.  Unlawful discrimination can include removing a qualified individual with a disability from certain job duties if the removal results in a reduction of the individual's pay.

To succeed on this claim, Plaintiff Joseph Burns must prove each of the following by a preponderance of the evidence:

**First.**    Plaintiff Joseph Burns had migraines or back pain;

**Second.**    Such migraines or back pain substantially limited his ability to do one or more of the following: eating, sleeping, walking, standing, lifting, climbing, speaking, reading, concentrating, thinking, communicating, and working;

**Third.**    The Agency knew Plaintiff Joseph Burns had a "disability"—that is, the Agency knew Plaintiff Burns' migraines or back pain substantially limited one or more major life activities.

**Fourth.**    The Agency removed Plaintiff Burns from tower climbing duties;

**Fifth.**    Plaintiff Burns was a qualified individual who could have performed the essential functions of Field Technology Officer, when the Agency removed him from tower climbing duties; **and**

**Sixth.**    The Agency removed Plaintiff Joseph Burns from tower climbing duties because of his disability. Plaintiff Joseph Burns does not have to prove that his disability was the only reason the Agency removed Plaintiff Joseph Burns from tower climbing duties.

If Plaintiff Joseph Burns has succeeded in proving by a preponderance of the evidence each of these elements, then you must answer "Yes" to Question No. 1 on the Verdict Form.  If, however, Plaintiff Joseph Burns has failed to prove by a preponderance of the evidence any of these elements, then you must answer "No" to Question No. 1 on the Verdict Form.

In determining whether Plaintiff Joseph Burns' migraines or back pain substantially limits his ability to eat, sleep, walk, stand, lift, climb, speak, read, concentrate, think, communicate, and work,

or his ability to perform any other major life activity, you should compare his ability to perform such activity with that of the average person. In doing so, you should also consider: (1) the nature and severity of Plaintiff Burns' migraines or back pain; (2) how long the migraines or back pain will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the migraines or back pain. You must also consider Plaintiff Burns' migraines or back pain without regard to the effects of such measures as medication, therapies, or surgery.  In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

In determining whether a job function is essential, you should consider the following factors: the employer's judgment as to which functions are essential; written job descriptions; the amount of time spent on the job performing the function; the consequences of not requiring the person to perform the function; the work experience of persons who have held the job; the current work experience of persons in similar jobs; whether the reason the position exists is to perform the function; whether there are a limited number of employees available among whom the function is to be distributed;

and whether the function is highly specialized and the individual in the position was hired for his expertise or ability to perform the function.  You may also consider other factors.

### PLAINTIFF'S CLAIM 2 – DISCRIMINATION BASED ON REGARDED-AS HAVING AN IMPAIRMENT

Plaintiff Joseph Burns claims that Defendant Kirstjen Nielsen discriminated against him because the Agency regarded or perceived him as having an impairment and removed him from tower climbing duties because of that perception.  Defendant Nielsen denies Plaintiff Joseph Burns' claims and contends that the Agency asked for medical documentation from Plaintiff Burns to assess whether Plaintiff Burns could perform an essential job function and to determine whether Plaintiff Burns posed a direct threat to the safety of himself or others, and pending the receipt of the medical documentation, the Agency removed Plaintiff Burns from tower climbing duties.

Plaintiff Burns claims that he could have performed the essential functions of Field Technology Officer when the Agency removed him from tower climbing duties.

Under Section 501 of the Rehabilitation Act, it is unlawful to remove a qualified individual who is regarded as having an impairment from certain job duties that leads to a reduction of the individual's pay because the qualified individual is regarded as having an impairment.

To succeed this claim, Plaintiff Joseph Burns must prove the following by a preponderance of the evidence:

**First.** Plaintiff Burns could have performed the essential functions of Field Technology Officer when the Agency removed him from tower climbing duties;

**Second.** Plaintiff Burns was regarded as having an impairment;

**Third.** The Agency regarded Plaintiff Burns as having an impairment;

**Fourth.** The Agency removed him from tower climbing duties; **and**

**Fifth.** The Agency removed him from tower climbing duties because he was regarded as having migraines.

If Plaintiff Joseph Burns has succeeded in **proving** by a preponderance of the evidence each of these elements, then you must answer "Yes" to Question No. 2 on the Verdict Form.  If,

however, Plaintiff Joseph Burns has failed to prove by a preponderance of the evidence any of these elements, then you must answer "No" to Question No. 2 on the Verdict Form.

An individual is regarded as having an impairment if the individual establishes that he has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity.

Elsewhere, under Plaintiff's Claim 1 (above), I instructed you on what factors you should consider in determining whether a function is essential. Those same factors are applicable for purposes of "essential functions" recited above in the *first* element of proof in this claim.

### PLAINTIFF'S CLAIM 3 – IMPROPER MEDICAL INQUIRY

Plaintiff Joseph Burns claims that Defendant Kirstjen Nielsen violated the Rehabilitation Act, when the Agency made medical inquiries to Plaintiff Burns that were improper. Defendant Kirstjen Nielsen denies Plaintiff Burns' claims and contends that the medical inquiry was proper because the inquiry was job related and consistent with business necessity. Defendant Nielsen contends that the medical inquiries were necessary (1) to determine whether

Plaintiff Burns' medical conditions and medications prevented him from performing an essential job function and (2) to determine whether Plaintiff Burns posed a direct threat to himself or his co-workers due to his medical conditions and medications.

Section 501 of the Rehabilitation Act limits a federal agency employer's ability to make medical inquiries of its employees. In particular, the Act makes it unlawful for the employer to make disability-related inquiries **<u>unless</u>** the inquiries are job-related and consistent with the employer's business necessity.

**<u>Plaintiff Burns' Burden to Prove:</u>**

To succeed on this claim, Plaintiff Joseph Burns must prove by a preponderance of the evidence **that** the Agency made a disability-related inquiry of Plaintiff Burns.

If Plaintiff Joseph Burns has succeeded in proving so by a preponderance of the evidence, then you must answer "Yes" to Question No. 3 on the Verdict Form. If, however, Plaintiff Joseph Burns has failed to prove so by a preponderance of the evidence, then you must answer "No" to Question No. 3 on the Verdict Form.

An inquiry is disability-related if it may tend to reveal an employee's disability.  Disability-related inquiries include asking whether an employee has a disability, inquiring about the nature or severity of an employee's disability, asking about whether an employee has any impairment, inquiring about how an employee's impairments affect one or more major life activities, and asking an employee whether he is taking any prescription drugs or medications.  However, to succeed on this claim, that is, Plaintiff's Claim 3, Plaintiff Burns need not prove that he in fact has a disability or is disabled.

Inquiries that are not disability-related are always permitted, and they include asking employees about their general well-being and whether they can perform job functions.

## Defendant's Burden to Prove on the Affirmative Defense of Business Necessity:

Even if Plaintiff Burns has succeeded in proving that the Agency made a disability-related inquiry of Plaintiff Burns, Defendant Nielsen may avoid liability by demonstrating that the disability-related inquiries were job-related and consistent with

business necessity.  In other words, business necessity is a defense to liability under this claim.

To succeed on the affirmative defense of business necessity, Defendant Kirstjen Nielsen must prove by a preponderance of the evidence **that** in making the disability-related inquiries of Plaintiff Burns, the Agency had a reasonable belief based on objective evidence:

*either that* (1) Plaintiff Burns' ability to perform essential job functions will be impaired by a medical condition;

*or that* (2) Plaintiff Burns will pose a direct threat due to a medical condition.

If Defendant Nielsen has succeeded in proving by a preponderance of the evidence that the Agency had a reasonable belief based on objective evidence either that (1) Plaintiff Burns' ability to perform essential job functions will be impaired by a medical condition or that (2) Plaintiff Burns will pose a direct threat due to a medical condition, then then you must answer "Yes" to Question No. 4 on the Verdict Form.  If, however, Defendant Nielsen has failed to prove so, then you must answer "No" to Question No. 4 on the Verdict Form.

- 18 -

"Reasonable belief" means what a reasonable person would, under the circumstances, believe.

Elsewhere, under Plaintiff's Claim 1 (above), I instructed you on what factors you should consider in determining whether a function is essential.  Those same factors are applicable for purposes of determining "essential job function" as recited above in this claim.

A "direct threat" means a significant risk of substantial harm to the health or safety of Plaintiff Burns or others in the workplace that could not be eliminated or reduced by a reasonable accommodation.  In determining whether Plaintiff Burns posed a direct threat, you should consider: (i) how long the risk will last; (ii) the nature and severity of the potential harm; (iii) how likely it is that the harm will occur; and (iv) the likely time before the potential harm occurs.

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.

While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted in evidence.  You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.  If you recess during your deliberations, follow all of the instructions that the Court has given you on your conduct during the trial.

Your verdict must be unanimous.  After you have reached your unanimous verdict, your foreperson is to fill your answers on the form provided for each question.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by

the Court. You must never disclose to anyone, not even to the

Court, your numerical division on any question.

If you want to communicate with the me at any time, please

give a written message or question to the courtroom security officer,

<u>Mr. Martinez</u> who will bring it to me.  I will then respond as

promptly as possible either in writing or by having you brought into

the courtroom so that I can address you orally.  I will always first

disclose to the attorneys your question and my response before I

answer your question.

You may retire to the jury room to conduct your deliberations

after the attorneys have an opportunity to make their closing

arguments.

**SIGNED THIS** _____7th_____ **day of February 2020.**


**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**