**FILED**

FEB 0 7 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| JOSEPH L. BURNS, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| KIRSTJEN NIELSEN, | § | EP-17-CV-00264-DCG |
| *Secretary, U.S. Department* | § | |
| *of Homeland Security,* | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## VERDICT FORM

**QUESTION NO. 1:**

With regard to Plaintiff's Claim 1 (Discrimination Based on Disability), has Plaintiff Joseph L. Burns proved by a preponderance of the evidence that the Agency removed Plaintiff Burns from tower climbing duties because of his disability?

Yes _____✓_____          No _____

**QUESTION NO. 2:**

With regard to Plaintiff's Claim 2 (Discrimination Based on Regarded-As Having an Impairment), has Plaintiff Joseph L. Burns proved by a preponderance of the evidence that the Agency removed

- 1 -

Plaintiff Burns from tower climbing duties because of his being regarded as having migraines?

**Yes** ____✓____          **No** _____

## QUESTION NO. 3:

With regard to Plaintiff's Claim 3 (Improper Medical Inquiry), has Plaintiff Joseph L. Burns proved by a preponderance of the evidence that the Agency made a disability-related inquiry of Plaintiff Burns.

**Yes** ____✓____          **No** _____

## QUESTION NO. 4:

With regard to Defendant's Affirmative Defense of Business Necessity to Plaintiff's Claim 3 (Improper Medical Inquiry), has Defendant Kirstjen Nielsen proved by a preponderance of the evidence that the Agency had a reasonable belief based on objective evidence either that **(1)** Plaintiff Burns' ability to perform essential job functions will be impaired by a medical condition or that **(2)** that Plaintiff Burns will pose a direct threat due to a medical condition?

**Yes** _____          **No** ____✓____

- 2 -

Dated this  7th  of February 2020, in El Paso, Texas.


_____
**FOREPERSON**