IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEPH L. BURNS, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| | § | EP-17-CV-00264-DCG |
| KIRSTJEN NIELSEN, | § | |
| *Secretary, U.S. Department* | § | |
| *of Homeland Security,* | § § | |
| *Defendant.* | § § | |

## THE COURT'S INSTRUCTIONS TO THE JURY ON DAMAGES

### INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

At an earlier stage of this trial, you found Defendant Kirstjen Nielsen is liable for violations of Section 501 of the Rehabilitation Act. As such, you must now determine whether the Defendant Kirstjen Nielsen caused Plaintiff Joseph L. Burns damages and, if so, you must determine the amount of those damages.

Plaintiff Joseph L Burns must prove his damages by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not

so. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Burns need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

In this case, Plaintiff Joseph L. Burns and Defendant Kirstjen Nielsen have stipulated on one element of damages: lost wages and benefits, which includes the amount of back pay and benefits Plaintiff Burns would have earned in his employment with the Agency if he had not been removed from tower climbing duties from April 6, 2016, to May 3, 2017. They stipulated that the amount of lost wages and benefits is **$3,068.56.** As I mentioned earlier, a "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. Consequently, you need not determine the amount of lost wages and benefits.

You must however determine whether Defendant Kirstjen Nielsen caused Plaintiff Joseph L. Burns compensatory damages in the form of past and future pain, suffering, inconvenience, mental

anguish, and loss of enjoyment of life; and if so, the amount that is fair compensation for all of such damages.

To recover damages for mental anguish, Plaintiff Burns must prove by a preponderance of the evidence that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Burns must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental anguish must be based on the evidence at trial. They may not be based on speculation or sympathy.

If you decide to award compensatory damages for past or future pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

A verdict form has been prepared for your convenience. The foreperson will write the unanimous answers of the jury in the spaces provided for each question. The foreperson will sign in the

space provided certifying that the jury has reached a verdict with respect to the question.

**SIGNED THIS** \_\_\_10th\_\_\_ **day of February 2020.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**