**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| JOSEPH L. BURNS, | §<br>§ |
| *Plaintiff,* | §<br>§ |
| v. | §<br>§ |
| KIRSTJEN NIELSEN, *Secretary, U.S.*<br>*Department of Homeland Security,* | §<br>§<br>§ |
| *Defendant.* | §<br>§ |

EP-17-CV-00264-DCG

## FINAL JUDGMENT

On January 28, 2020, this Court entered a Memorandum Opinion and Order (ECF No. 87) granting in part and denying in part Defendant Chad F. Wolf's[1] "Motion for Summary Judgment" (ECF No. 22), as substituted by "Substituted Motion for Summary Judgment" (ECF No. 31). Summary judgment was granted in favor of the Defendant with respect to Plaintiff Joseph L. Burns's clams for hostile work environment and retaliation. Summary judgment was denied with respect to Plaintiff's claims for improper medical inquiry and disparate treatment disability discrimination. The parties were ordered to trial.

On February 3, 2020, the Court called the above-entitled and numbered cause for trial. Plaintiff appeared in person and with his attorneys of record and, through his attorneys of record, announced ready for trial. Defendant appeared with its representative from United States Customs and Border Protection and attorneys of record and, through his attorneys of record, announced ready for trial. The Court empaneled and swore a jury of duly qualified citizens,

---

[1] Chad F. Wolf, Acting Secretary of the United States Department of Homeland Security, is the successor in office to Kirstjen Nielsen. In accordance with Federal Rules of Civil Procedure 25(b), Mr. Wolf is hereby automatically substituted as a party in this litigation for the previous officeholder.

which heard the evidence and arguments of counsel.  The Court bifurcated the trial into liability and damages phases.

During the liability phase of the trial, at the time Plaintiff rested his case-in-chief, Defendant moved for judgment as a matter of law.  The Court denied the motion.  After both parties rested and closed their respective cases, Defendant objected to the Court's jury instructions (ECF No. 102) on the liability issues.  The Court overruled Defendant's objection. The Court then submitted its instructions and verdict form on the liability issues to the jury.  In response, on February 7, 2020, the jury made findings that the Court received, filed, and entered into record.  The questions submitted to the jury and the jury's findings on the liability issues (ECF No. 105) have been filed with the U.S. District Clerk and are incorporated herein by reference.

During the damages phase of the trial, after both parties rested and closed their respective cases, the Court submitted its instructions (ECF No. 108) and verdict form on damages to the jury.  In response, on February 10, 2020, the jury made findings that the Court received, filed, and entered into record.  The questions submitted to the jury and the jury's findings on damages (ECF No. 109) have been filed with the U.S. District Clerk and are incorporated herein by reference.

In view of jury's findings, the Court hereby enters, pursuant to Federal Rule of Civil Procedure 58, its **Final Judgment** disposing of this action in its entirety and orders as follows:

**IT IS ORDERED** that Plaintiff recover from Defendant the sum of **$3,068.56**, as **BACK PAY** with **pre-judgment interest** of **2.0%**, accrued from April 6, 2016, through February 25, 2020.  Pre-judgment interest shall be computed as simple interest and does not compound.

**IT IS FURTHER ORDERED** that Plaintiff recover from Defendant the sum of **$125,000.00**, as **COMPENSATORY DAMAGES** for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, with **pre-judgment interest** of **2.0%**, accrued from April 6, 2016, through February 25, 2020.  Pre-judgment interest shall be computed as simple interest and does not compound.

**IT IS FURTHER ORDERED** that Plaintiff recover from Defendant **post-judgment interest** on all sums awarded to Plaintiff in this Order, at the rate of **1.46%** to be compounded annually, from the date of this Order until such time Defendant satisfies this final judgment.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are denied as **MOOT**.

**IT IS FINALLY ORDERED** the Clerk of the Court **SHALL CLOSE** this case.

A motion for attorney's fees and proposed bill of costs may be filed pursuant to Federal Rule of Civil Procedure 54(d) and this District's Local Rules CV-7(j) and CV-54.  The Court will rule on such a motion and bill of costs, even after the closing of this case.

There being no just cause for delay, this is a **FINAL** and **APPEALABLE** judgment.

**So ORDERED and SIGNED this 25 day of February 2020.**

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE