**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSEPH L. BURNS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | EP-17-CV-00264-DCG |
| **KIRSTJEN NIELSEN,** *Secretary, U.S.* | § | |
| *Department of Homeland Security*, | § | |
| | § | |
| *Defendant*. | § | |

## AMENDED FINAL JUDGMENT

On January 28, 2020, this Court entered a Memorandum Opinion and Order (ECF No. 87) granting in part and denying in part Defendant Chad F. Wolf's[1] "Motion for Summary Judgment" (ECF No. 22), as substituted by "Substituted Motion for Summary Judgment" (ECF No. 31). Summary judgment was granted in favor of the Defendant with respect to Plaintiff Joseph L. Burns's clams for hostile work environment and retaliation. Summary judgment was denied with respect to Plaintiff's claims for disability discrimination and improper medical inquiry. The parties were ordered to trial.

On February 3, 2020, the Court called the above-entitled and numbered cause for trial. Plaintiff appeared in person and with his attorneys of record and, through his attorneys of record, announced ready for trial. Defendant appeared with its representative from United States Customs and Border Protection and attorneys of record and, through his attorneys of record, announced ready for trial. The Court empaneled and swore a jury of duly qualified citizens,

---

[1] Chad F. Wolf, Acting Secretary of the United States Department of Homeland Security, is the successor in office to Kirstjen Nielsen. In accordance with Federal Rules of Civil Procedure 25(b), Mr. Wolf is hereby automatically substituted as a party in this litigation for the previous officeholder.

which heard the evidence and arguments of counsel.  The Court bifurcated the trial into liability and damages phases.

During the liability phase of the trial, after Plaintiff rested his case-in-chief, Defendant moved for judgment as a matter of law.  The Court denied the motion.  After both parties rested and closed their respective cases, Defendant objected to the Court's jury instructions (ECF No. 102) on the liability issues.  The Court overruled Defendant's objection.  The Court then submitted its instructions and verdict form on the liability issues to the jury.  In response, on February 7, 2020, the jury made findings that the Court received, filed, and entered into record. The questions submitted to the jury and the jury's findings on the liability issues (ECF No. 105) have been filed with the U.S. District Clerk and are incorporated herein by reference.

During the damages phase of the trial, after both parties rested and closed their respective cases, the Court submitted its instructions (ECF No. 108) and verdict form on damages to the jury.  In response, on February 10, 2020, the jury made findings that the Court received, filed, and entered into record.  The questions submitted to the jury and the jury's findings on damages (ECF No. 109) have been filed with the U.S. District Clerk and are incorporated herein by reference.  Specifically, the jury awarded Plaintiff $125,000 for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life and $0 for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.  Further, the parties stipulated that Plaintiff lost hazard pay (back pay) in the amount of $3,068.56 for the period between April 6, 2016, and May 3, 2017.  In accordance with the parties' stipulation and the jury verdict, the Court entered its Final Judgment (ECF No. 115) on February 25, 2020, awarding Plaintiff $3,068.56 as back pay and $125,000 as compensatory damages.

On December 8, 2020, the Court issued a "Memorandum Opinion and Order" (ECF No. 162), wherein it **GRANTED IN PART and DENIED IN PART** Defendant's "Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial and Motion for Remittitur" (ECF No. 119), as supplemented by his "Supplemental Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial and Motion for Remittitur" (ECF No. 146).  Specifically, the Court **DENIED** in all respects Defendant's motion for judgment as a matter of law and **DENIED** his motion for new trial as to liability.  Moreover, the Court **DENIED** Defendant's motion for a new trial as to damages and in the alternative, motion for remittitur **ON THE CONDITION** that Plaintiff accept a **REMITTITUR** of **$35,000** of the jury's award for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life (*i.e.,* accept **$90,000** in damages rather than $125,000).  On December 17, 2020, Plaintiff filed a "Notice of Conditional Acceptance of Remittitur" (ECF No. 164), wherein he accepted the Court's remittitur offer in lieu of a new trial on damages.

In accordance with the Court's "Memorandum Opinion and Order" (ECF No. 162), the parties' joint stipulation on back pay (ECF No. 100-17), and the jury's verdict on liability (ECF No. 105), the Court enters, pursuant to Federal Rule of Civil Procedure 58, this Amended Final Judgment as follows:

**IT IS ORDERED** that Defendant's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial (ECF Nos. 119, 146) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's alternative Motion for Remittitur (ECF Nos. 119, 146) is **GRANTED IN PART and DENIED IN PART**.  Specifically, the motion for remittitur is **DENIED** in respect to the amount of remittitur Defendant requested, but **GRANTED** in all other respects.

**IT IS ORDERED** and **ADJUDGED** that judgment is **GRANTED** in favor of Plaintiff.

**IT IS FURTHER ORDERED** and **ADJUDGED** that Plaintiff recover from Defendant the sum of **$3,068.56**, as **BACK PAY** with **pre-judgment interest** of **2.0%**, accrued from April 6, 2016, through February 25, 2020.  Pre-judgment interest shall be computed as simple interest and does not compound.

**IT IS FURTHER ORDERED** and **ADJUDGED** that Plaintiff recover from Defendant the sum of **$90,000.00**, as **COMPENSATORY DAMAGES** for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, with **pre-judgment interest** of **2.0%**, accrued from April 6, 2016, through February 25, 2020.  Pre-judgment interest shall be computed as simple interest and does not compound.

**IT IS FURTHER ORDERED** and **ADJUDGED** that Plaintiff recover from Defendant **post-judgment interest** on all sums awarded to Plaintiff in this Amended Final Judgment, at the rate of **1.46%** to be compounded annually, from February 25, 2020, until such time Defendant satisfies this Amended Final Judgment.

There being no just cause for delay, this is a **FINAL** and **APPEALABLE** judgment.

**So ORDERED and SIGNED this  23rd  day of December 2020.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**